# Friday v. Liebendorfer, Appellant.

*Real property—Ejectment—Defenses—Evidence—Deeds.*

A testatrix, seized of certain land, left surviving her a husband and five children, two of whom died intestate, unmarried and without issue. Upon the death of the husband the two surviving children, together with two children of a deceased daughter, brought ejectment for the land, claiming title under the intestate laws. The defense set up was that the husband who had married again, had with his second wife conveyed it to defendant's grantor. More than seven months after the ejectment was brought and more than fifty years after the death of the testatrix, a paper purporting to be her will was admitted to probate. In it she directed that her husband should have the use of her real estate as long as he remained unmarried and that upon his marriage or death the property should be sold by her executors and the proceeds divided among her children. There was no evidence that the husband ever knew of the will or had taken thereunder but the two executors named in the will had put their names beneath the signatures of the grantors in the deed to defendant's grantor, although there was no recital in the deed of the capacity in which they had signed it, nor was there any evidence that they had ever undertaken in any manner to act as executors of the will during the more than fifty years that intervened between the death of the testatrix and the admission of the will to probate. On the trial the offer in evidence of this deed for the purpose of showing title in defendant's grantor from the husband and the executors of his wife's will was excluded and a verdict directed for plaintiff. *Held,* no error.

Argued Oct. 14, 1913. Appeal, No. 265, Oct. T., 1913, by defendant, from judgment of C. P. Lawrence Co., June T., 1910, No. 29, on verdict for plaintiffs in case of William Friday, Rose A. Reeve, A. B. Vogan and Charles D. Vogan v. David M. Liebendorfer. Before

BROWN, MESTREZAT, POTTER, STEWART and MOSCH-ZISKER, JJ.    Affirmed.

Ejectment for recovery of lands.    Before POTTER, P. J.
The facts appear in the opinion of the Supreme Court.

*Error assigned* was, inter alia, in giving binding instructions for plaintiffs.

*J. M. Martin,* with him *E. N. Baer,* for appellant.

*J. Norman Martin,* with him *Norman A. Martin,* of *Martin & Martin,* for appellees.

PER CURIAM, November 7, 1913:

Rosanna Friday died March 31, 1860, seized of the land in controversy. She left to survive her a husband, Lewis Friday, and five children. Two of them died intestate, unmarried and without issue. Two still survive, and they, together with the two children of a deceased daughter, are the plaintiffs in this ejectment, claiming title to the land under the intestate laws. Under this title they claimed the right of possession upon the death of Lewis Friday, which occurred July 25, 1909, and the court below having been of opinion that he had been a tenant by the curtesy directed a verdict for the plaintiffs. Against their title an unavailing defense was set up. Lewis Friday, the husband of Rosanna, married a second time, and he and his wife, by a deed, dated March 23, 1868, conveyed the land in dispute to Edward Lacey, who devised it to his wife, and she, as his devisee, conveyed it to David Liebendorfer, the defendant below, on October 3, 1882. On November 4, 1910, more than seven months after this action was brought and more than fifty years after the death of Rosanna Friday, a paper purporting to be her will was admitted to probate as such. She directed that her husband should have the use of her real estate as long as he remained unmarried, and that upon his remarriage or

death the property should be sold by her executors and the proceeds divided among her children. She named as her executors William and John Glasser, her two brothers. In the deed from Friday to Lacey these two men are not named as grantors, nor do their names appear anywhere in the body of the deed. Lewis Friday and wife are the sole parties of the first part, but beneath their signatures as grantors there appear the names of the two Glassers, neither of whom, however, joined in the acknowledgment, which was made by Friday and his wife alone. On the trial the deed from Friday to Lacey was offered in evidence for the purpose of showing title in Lacey from Friday and the executors of his wife's will. This offer was properly disallowed. Though the Glassers wrote their names beneath those of Friday and his wife, there was no recital in the deed of the capacity in which they had signed it, nor was there any evidence that they had ever undertaken in any manner to act as executors of their sister's will during the more than fifty years that intervened between her death and the admission of it to probate. The deed, therefore, passed nothing to Lacey from them as executors, and he took nothing under it except the interest of Friday, which was but a life estate as tenant by the curtesy, for there was no evidence that he ever took under his wife's will, or that he ever knew there was such a will. Even if he had known of its existence, it is hardly likely that he would have taken in lieu of his tenancy by the curtesy an estate which was to cease upon his remarriage. If he had taken under his wife's will he would have had no interest in her estate to convey to Lacey in 1868, for at that time he had remarried. He surely must have then felt that he still had an interest in his first wife's estate, and that interest could only have been a tenancy by the curtesy. That estate ceased upon his death, and the right of possession of the land then vested in the plaintiffs. The judgment on the verdict directed for them must, therefore, be affirmed.

Judgment affirmed.